**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF WISCONSIN**

| | |
|---|---|
| In Re: | Chapter 13 |
| **LORRI AND BRIAN SHULTA** | **Case No. 22-20205-gmh** |
| | |
| | Objection to Motion to Impose Stay Due: |
| Debtor | **February 11th, 2022** |
| | Hearing on Timely Filed Objections: |
| | **February 15th, 2022 @ 1:00 PM** |

## NOTICE OF MOTION TO IMPOSE THE AUTOMATIC STAY

To all creditors and parties in interest:

The Debtor in the above-captioned case has filed a motion to impose the automatic stay pursuant to 11 U.S.C. § 362(c)(4)(B). A copy of that motion accompanies this notice.

**Your rights may be affected. You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case. (If you do not have an attorney, you may wish to consult one.)**

If you do not want the Court to grant the motion to impose the automatic stay, or if you want the Court to consider the views on the motion, then **on or before the Objection Due Date** stated above, you or your attorney must file an objection with:

>Clerk, United States Bankruptcy Court
>517 East Wisconsin Avenue
>Milwaukee, WI 53202-4581

and provide copies to:

| | |
|---|---|
| Bankruptcy Law Offices | Rebecca Garcia |
| of Richard A. Check | Chapter 13 Trustee |
| 757 N Broadway, Suite 401 | P.O. Box 3170 |
| Milwaukee, WI 53202 | Oshkosh, WI 54903 |

Prepared by:
Attorney Richard A. Check, Esq.
757 N Broadway, Suite 401
Milwaukee, WI 53202
P. 414.223.0000
F. 414.223.3245
E. court@richardacheck.com

in time for its **receipt** by the above deadline. If you do not file a timely objection, the Court may decide you do not oppose the relief sought in the motion and may enter an order granting that relief.

**The Court will hold a hearing on any timely-filed objection.** The hearing will take place before Michael G Halfenger, United States Bankruptcy Judge, in the United States Courthouse at 517 East Wisconsin Ave, Milwaukee, WI, room 133 at the hearing time and date stated above. The debtor and the objecting party and/or their counsel must attend the hearing.

**The Court will also hold a hearing if the Debtor fails to file a supporting affidavit or declaration that complies with 11 U.S.C. § 362(c)(4)(B).** The hearing will take place at the same time and place stated above, and the Debtor and Debtor's counsel must attend this hearing, or the Court will not grant the motion. If the Debtor files such an affidavit, but the Court determines that it is insufficient to comply with § 362(c)(4)(B), the Court will notify counsel for the Debtor.

Date: 01/21/2022                                       /s/ Richard A. Check_____
                                                                       Attorney for Debtor
                                                                        Richard A. Check, S.C.
                                                                        #10122-04

Prepared by:
Attorney Richard A. Check, Esq.
757 N Broadway, Suite 401
Milwaukee, WI 53202
P. 414.223.0000
F. 414.223.3245
E. court@richardacheck.com

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF WISCONSIN

In Re:
**LORRI AND BRIAN SHULTA**            Chapter 13
                                       **Case No. 22-20205-gmh**

          Debtor

## MOTION TO IMPOSE THE AUTOMATIC STAY TO ALL CREDITORS

COMES NOW, Lorri Shulta, Debtor herein, by counsel Attorney Richard A. Check, and hereby moves the Court to impose the automatic stay pursuant to Section 362(c)(4)(B) of the Bankruptcy Code. In support of this Motion, Debtor states the following:

1. **BANKRUPTCY CASE 21-20582 – Dismissed for unreasonable delay that is prejudicial to creditors**

    1. Debtor filed the case under 21-20582-gmh on February 5th, 2021. The case was filed primarily to stop foreclosure proceedings on her homestead and to propose a plan of reorganization for her other debts.

    2. Debtor filed the case through counsel, Attorney William Green.

    3. Debtor maintains that she followed all Mr. Green's instructions and provided him with all requested information. This information should have been sufficient for Mr. Green to complete all of Debtor's necessary filings with the Court.

Prepared by:
Attorney Richard A. Check, Esq.
757 N Broadway, Suite 401
Milwaukee, WI 53202
P. 414.223.0000
F. 414.223.3245
E. court@richardacheck.com

4. Based on information and belief, Mr. Green never fulfilled his obligation to make certain filings, which trigged the Trustee to file a motion to dismiss the case.

5. In addition, the Court entered under CM/ECF Docket No. 20 the following entry:

| 20 | NOTICE: The docket in this case, commenced by a long-time bankruptcy practitioner, shows a complete lack of attention to proper filing procedures. Wrong events are used. A combined document was filed improperly containing schedules, the chapter 13 plan, and, among other things, a statement of the debtor's social security number. As a result, the clerk removed the filing from the public record, even though the incompetent filing by the debtor's counsel is a waiver of that protection under Rule 9037(g). The debtor has apparently not served the plan, which, again, was filed with the wrong event and remains protected from view. Because these errors are by no means a novel occurrence by this counsel, the court will not under take to right counsel's wrongs. Nor will the court on its own act to dismiss for failure to properly file and serve the plan. The trustee is invited to seek whatever relief he believes warranted. (RE: 14 Support/Supplement filed by Debtor Lorri A. Shulta, 16 Defective Filing Notification - No Relation, 17 Defective Filing Notification - Redaction (7 days), 18 Support/Supplement filed by Debtor Lorri A. Shulta). (Halfenger, G.) (Entered: 02/24/2021) |

6. This entry supports Debtor's belief that Mr. Green misrepresented her and failed to fulfill his duties as her counsel in this case. Debtor filed the case in good faith.

7. Mr. Green never addressed the issues noted in the Motion to Dismiss and never objected thereto. As a result, the case was dismissed by the Court on April 8th, 2021.

2. **BANKRUPTCY CASE 21-25508 – Dismissed pursuant to 11 U.S.C. §521(i)**

    a. After Debtor's previous chapter 13 with William Green was dismissed, she sought his counsel again to refile.

    b. Mr. Green assured Debtor that he would take care of the problem and refile her case in another attempt to stop her pending foreclosure on her home.

Prepared by:
Attorney Richard A. Check, Esq.
757 N Broadway, Suite 401
Milwaukee, WI 53202
P. 414.223.0000
F. 414.223.3245
E. court@richardacheck.com

c. Instead of refiling a chapter 13 case, which would help her address her growing mortgage arrears, Mr. Green apparently filed a Chapter 7 case on behalf of the Debtor. Debtor did not intend to file a Chapter 7.

   d. Debtor had a previous Chapter 7 case filed on July 16, 2018 and received a Chapter 7 discharge on October 22, 2018. *In Re Shulta,* Case No. 18-26857-gmh. She was represented in that case by William Green. Debtor was not eligible for a subsequent Chapter 7 case due to the previous Chapter 7 that was filed within the previous 8-years. Mr. Green, as a seasoned bankruptcy practitioner, should have understood that Debtor was not eligible for Chapter 7 relief. Despite this, he filed the case anyway.

   e. That case was ultimately dismissed pursuant to 11 U.S.C. §521(i) as Mr. Green never filed any schedules or information required under the statute.

3. **THE DEBTOR'S CIRCUMSTANCES HAVE CHANGED AND THIS CASE WAS FILED IN GOOD FAITH**

   1. Debtor asserts that her circumstances have changed and that the current bankruptcy was filed in good faith.

   2. After Debtor's second Chapter 7 case was dismissed, Debtor recognized that Mr. Green was not operating in her best interests.

   3. Mr. Green was consistently misrepresenting her and failing to properly administer her cases. This has created a Court record of mistakes, dismissed cases, and a "serial filing" reputation that otherwise could have been avoided if Debtor had effective counsel from the beginning.

Prepared by:
Attorney Richard A. Check, Esq.
757 N Broadway, Suite 401
Milwaukee, WI 53202
P. 414.223.0000
F. 414.223.3245
E. court@richardacheck.com

4. Now, Debtor has retained competent and knowledgeable legal representation to guide her through the bankruptcy process. Debtor has retained The Bankruptcy Law Offices of Richard A. Check, S.C.

5. Debtor strongly affirms that she can perform under the terms of the present Chapter 13 plan and that the present case was filed in good faith for the purpose of saving her home.

6. Both Debtor and her husband (Joint Debtor) receive regular and consistent income and are able to fund the proposed plan.

7. Additionally, Debtors intend to utilize the Court's Mortgage Modification Mediation Program (MMMP) to help them deal with their substantial mortgage arrears. This was something their previous attorney, Mr. Green, never suggested to them as an option.

8. Debtor seeks to have the automatic stay imposed as to all scheduled creditors. Specifically, Debtor seeks imposition of the stay to prevent the foreclosure of her homestead.

9. WHEREFORE, the Debtor respectfully requests that the Court enter an Order imposing the automatic stay to all creditors and that such stay shall remain in effect until discharge, dismissal, or the entry of an order granting relief from the Automatic stay, and for all other appropriate relief.

Dated this 21st day of January 2022,

                                                            Respectfully Submitted,

                                                            S://_____
                                                            Richard A. Check

Prepared by:
Attorney Richard A. Check, Esq.
757 N Broadway, Suite 401
Milwaukee, WI 53202
P. 414.223.0000
F. 414.223.3245
E. court@richardacheck.com

Attorney for Debtor
Bar #10122-04

Prepared by:
Attorney Richard A. Check, Esq.
757 N Broadway, Suite 401
Milwaukee, WI 53202
P. 414.223.0000
F. 414.223.3245
E. court@richardacheck.com

# CERTIFICATE OF SERVICE

I hereby certify that a copy of this Notice and Motion to Continue Stay were mailed First Class to persons mentioned below, at their respective addresses, postage prepaid, by U.S. Mail in Milwaukee, WI on January 21st, 2022:

*See attached creditor Matrix

Additionally, the documents referenced above were also served via electronic means on the following individuals on January 21, 2022:

| United States Trustee<br>Eastern District of WI<br>517 E Wisconsin Ave, Rm 430<br>Milwaukee, WI 53202 | Rebecca Garcia<br>Chapter 13 Trustee<br>P.O. Box 3170<br>Oshkosh, WI 54903 |
|---|---|

Date: 01/21/2022

S://_____
Savannah Mueller
Paralegal for Attorney Richard A. Check

Prepared by:
Attorney Richard A. Check, Esq.
757 N Broadway, Suite 401
Milwaukee, WI 53202
P. 414.223.0000
F. 414.223.3245
E. court@richardacheck.com